David E. Bower (BAR# 119546)
Email: dbower@monteverdelaw.com
**MONTEVERDE & ASSOCIATES PC**
600 W. Corporate Pointe, Ste. 1170
Culver City, CA 90230
Telephone: (213) 446-6652
Facsimile: (212) 202-7880

*Attorney for Plaintiff Dean Drulias*

[Additional counsel on signature page]

**FILED**
CLERK, U.S. DISTRICT COURT

Sept. 13, 2019

CENTRAL DISTRICT OF CALIFORNIA
BY:_____MM_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN DRULIAS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL GUTHRIE, et al.;<br><br>Defendants,<br><br>-and-<br><br>TRUECAR, INC., a Delaware corporation,<br><br>Nominal defendant. | Case No.: 2:19-cv-01636-SVW-AGR<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S SUR-REPLY MEMORANDUM ADDRESSING THE IMPACT OF THE RECENTLY PROPOSED CLASS ACTION SETTLEMENT ON THE ISSUES OF DEMAND FUTILITY AND THE CONTRIBUTION CLAIM**<br><br>Date: September 23, 2019<br>Time: 1:30 p.m.<br>Location: 10A<br><br>Complaint filed: March 6, 2019<br>Trial: TBD |

Plaintiff Dean Drulias ("Plaintiff") respectfully submits this Sur-Reply Memorandum limited to the issue of the relevance of the recently proposed class action settlement on the issue of demand futility and Plaintiff's contribution claim in this derivative action.

The operative Complaint in this shareholder's derivative action brought on behalf of TrueCar, Inc. ("TrueCar" or "the Company") was filed on March 12, 2019. That complaint was the Verified Amend Shareholder Derivative Complaint (the "Complaint" or "Cplt."). This derivative action is related to a securities class action filed against TrueCar and certain of its top officers and directors, which was the subject of a ruling by this Court denying defendants' motion to dismiss. *See Milbeck v. Truecar, Inc.*, No. 2:18-cv-02612-SVW-AGR, 2019 U.S. Dist. LEXIS 21215 (C.D. Cal. Feb. 5, 2019)(the "Securities Class Action").

In the Complaint, Plaintiff alleged that making a demand on the TrueCar Board of Directors would be futile under Fed. R. Civ. P. 23.1 and Delaware law, as they faced potential liability in a similar class action pending before this Court, and because they could not (as TrueCar directors) simultaneously pursue corporate claims against TrueCar officers and directors and defend similar claims brought against TrueCar. *See* Cplt. ¶¶ 24, 26, 8, 165, *citing Pfeiffer v. Toll*, 989 A.2d 683, 690 (Del. Ch. 2010) (reversed on other grounds)(the "Pfeiffer Doctrine"). In assessing demand futility, federal courts apply Delaware law. *Rosenbloom v. Pyott,* 765 F.3d 1137, 1148 (9th Cir. 2014).

On May 13, 2019, various defendants filed motions to dismiss the Complaint. On July 23, 2019, subsequent to Plaintiff's opposition briefs being filed, lead counsel in the Securities Class Action filed a Notice of Settlement with this Court. This Court has not yet scheduled any proceedings with regard to that settlement which, under Fed. R. Civ. P. 23, is subject to Court approval.

On September 9, 2019, nominal defendant TrueCar filed its "Reply in Support of TrueCar, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 23.1." *See* Dtk. No. 81. On the very first page of that submission, TrueCar states: "Moreover, with the Settlement of the Securities Class Action, subject to Court approval, there is no basis to infer that the Outside Directors face any risk of liability." TrueCar 23.1 Reply Br. at 1.

In essence, TrueCar (or rather its directors who are named as defendants herein) are asserting that the Pfeiffer Doctrine no longer applies due to the tentative class action settlement. They are incorrect. Demand futility is assessed on the basis of the facts as they existed *at the time the Complaint was filed*. "[F]utility is gauged by the circumstances existing at the commencement of a derivative suit" and concerns the board of directors "sitting at the time the complaint is filed." *Rosenbloom v. Pyott,* 765 F.3d 1137, 1148 (9th Cir. 2014)(citation omitted); *Rales v. Blasband,* 634 A.2d 927, 934 (Del. 1993)(demand is determined by whether, at the time the complaint was filed, the directors "could have properly exercised its independent and disinterested business judgment in responding to a demand."

Defendants have overlooked that in *In re Fitbit, Inc.,* 2018 Del. Ch. LEXIS 571 (Ch. Dec. 14, 2018), the Delaware Chancery Court applied this rule and found a class settlement entered into and then approved *after* a derivative suit was filed, was not germane to the demand futility analysis. In *Fitbit*, the derivative action was filed on May 26, 2017. *Id.* at *22. Seven months later, on January 8, 2018, the District Court presiding over the underlying class action – *Robb v. Fitbit, Inc.*, Civ. No. 3:16-cv-00151-SI (N.D. Cal.) – was informed of a tentative settlement. *See Robb v. Fitbit, Inc.*, Civ. No. 3:16-cv-00151-SI (N.D. Cal.) (Dkt. No. 201). The class action settlement was approved on April 23, 2018. *Fitbit*, at *22. In finding demand futile, the court focused, as it was required to do, on the circumstances existing when

"Plaintiffs filed their initial complaint." *Id.* at *38. Thus here, as in *Fitbit,* the tentative settlement must be deemed irrelevant.

Defendants have a strong interest in arguing that the tentative settlement is pertinent because, if they succeed in persuading this Court to dismiss this action in favor of a Delaware forum, Plaintiff Drulias will be forced to file a new complaint in Chancery Court. Then, along with the existing complaints brought by the proposed intervenors, all Chancery complaints will have filing dates subsequent to the tentative settlement. Only in this federal forum can TrueCar and its shareholders be sure of benefitting from the powerful Pfeiffer Doctrine, excusing demand in this case, as this action was filed in March 2019.

The Individual Defendants further offer an unsworn factual assertion on the first page of their "Reply in Support of the Individual Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Dkt. No. 82) that the proposed Securities Class Action settlement, if approved, will fully moot Plaintiff's contribution claims because it is supposedly fully-funded by insurance. Ind. Defs' Reply Br. at 1. This constitutes an affirmative defense which must rest on proof, and not *ipse dixit* in a brief. Such proof must show that no claims exist to recover the cost of post-settlement increases in insurance premiums, and that contribution is not owed to reimburse the Company for typically high insurance amounts. *Pfizer Inc. v. Arch Ins. Co.*, No. N18C-01-310 PRW CCLD, 2019 Del. Super. LEXIS 345, at *3-4 (Del. Super. Ct. July 23, 2019) ("Pfizer had thirteen layers of D&O insurance providing $225 million in coverage, all in excess of a $10 million self-insured retention."). Moreover, a statement in an attorney's brief regarding new and untested facts is not evidence and must be disregarded. *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 762 (9th Cir. 1987) (unsworn facts are not evidence). As the Ninth Circuit recently cautioned, "[i]f defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those

4

facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal citation omitted).[1] *Khoja* teaches that the full facts may be more complex than those offered by defendants for the first time in a brief.

In sum, Defendants' arguments regarding the tentative settlement of the Securities Class Action – raised for the first time on reply – are not germane to the motions to dismiss and should be disregarded.

Dated: September 12, 2019

Respectfully submitted,

**MONTEVERDE & ASSOCIATES PC**

By: /s/ David E. Bower
    David E. Bower (BAR #119546)
600 W. Corporate Pointe, Ste. 1170
Culver City, CA 90230
Telephone: (213) 446-6652
Facsimile: (212) 202-7880
Email: dbower@moneverdelaw.com

-and-

Beth A. Keller
350 Fifth Avenue, Ste. 4405
New York, NY 10118
Telephone: (914) 752-3040
Facsimile: (914) 752-3041
Email: bkeller@monteverdelaw.com

---

[1] Indeed, discovery could even reveal that the TrueCar directors relinquished their ability to bring some or all of the derivative claims in order to obtain the insurance proceeds.

5

**PASKOWITZ LAW FIRM P.C.**
Laurence D. Paskowitz
208 East 51st Street
Suite 380
New York, NY 10022
Telephone: (212) 685-0969
Email: lpaskowitz@pasklaw.com

*Attorneys for Plaintiff Dean Drulias*

6